UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHRISTY L. PETHERS,

    Plaintiff,

Case No. 1:05-cv-92

v.

Hon. Richard Alan Enslen

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

**OPINION**

    Defendant.
_____/

    This matter is before the Court to determine this suit brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.[1] Plaintiff Christy L. Pethers has made a claim for employee disability benefits based on an administrative record which denied continued disability benefits. Pursuant to the law of this Circuit, the Court must review the administrative record in light of the legal arguments of the parties. The ERISA issues has been sufficiently briefed and oral argument would unnecessarily protract the resolution of this matter.

**BACKGROUND**

    This is a case in which the parties' arguments talk across one another. It is so because they know that the ground that is selected for this battle will determine its victor. Plaintiff has argued that since her injury on October 13, 2000, she has been disabled and was determined to be such by Defendant Unum Life Insurance Company of America, who had no medical basis for discontinuing disability payments. Defendant for its part indicates that Plaintiff has not complied with the disability plan requirements for certifying continued disability and appealing a denial of benefits.

---

[1] More particularly, ERISA's civil action provision is found at 29 U.S.C. § 1132.

Plaintiff was injured on or about October 13, 2000. (R. at 3.) She then filed a claim on August 2, 2001. Eventually she filed the other paperwork necessary for the claim and the claim was approved by Defendant in September 2001. Thereafter, she received an initial notice from Defendant that it was continuing the payment of benefits beyond the initial 24-month disability period. (R. at 249.)

However, on May 28, 2003, Defendant (who was unable to contact Plaintiff by telephone) sent a notice to Plaintiff requiring the return of a physician certification attesting to continued disability. (R. at 272.) When the certification was not timely returned, Defendant gave two 15-day extensions to Plaintiff. (R. at 284-86, 308-10.) On September 24, 2003, Defendant's patience waned and it sent Plaintiff a notice that it was (consistent with the plan language) discontinuing disability payments due to the failure to certify continued disability.[2] (R. at 323-25.) The notice provided Plaintiff with a right to appeal the determination within 90 days.[3] (*Id.*) An appeal was eventually filed on April 7, 2004, more than 180 days later. (R. at 331.) The appeal was denied as untimely. (R. at 337.) Plaintiff has explained the delay as due to personally tragic circumstances (an abusive relationship), which circumstances do not relate to the conduct of Defendant. (Pl.'s Br., 10.)

---

[2]Plaintiff's Brief characterizes the request for a physician certification of continued disability as somehow disreputable. On the contrary, the plan/insurance language clearly required the certification upon a request from Defendant (R. at 435), and there is nothing commercially unreasonable about such policy–which is standard business for disability policies.

[3]The pertinent plan/insurance language actually required the filing of a notice of appeal within 60 days, (R. at 430-31), though the correspondence allowed 90 days. The 60-day appeal period provided appears derived from federal regulation, 29 C.F.R. § 2560.503-1(h)(2)(i). It may be argued that under another pertinent regulation the plan was required to provide a 180-day appeal period, 29 C.F.R. § 2560.503(h)(4) (referencing the 180-day period found at 29 C.F.R. § 2560.503(h)(3)(I)). However, in this case, the delay exceeded 180 days.

**ERISA STANDARDS**

Legal analysis in ERISA cases is not controlled by the regular summary judgment standards. Rather, the district court must apply an "arbitrary and capricious" standard of review to an ERISA plan administrator/fiduciary's decision regarding benefits when the plan provides the administrator/fiduciary with discretionary authority to determine eligibility for benefits. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109, 115 (1989). In the instant case, the plan/insurance language provided this authority. (R. at 445.) Thus, the decision of the administrator must be upheld provided that it was the result "of a deliberate, principled reasoning process and [was] supported by substantial evidence." *Baker v. United Mine Workers of Am. Health & Ret. Funds*, 929 F.2d 1140, 1144 (6th Cir. 1991).

In conducting this review, the review is generally limited to the administrative record. Summary judgment standards are also not to be employed. The process was explained by the Sixth Circuit Court of Appeals in *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618-19 (6th Cir. 1998) (J. Gilman, concurring). The concurring opinion of Judge Gilman, which was joined by Judge Ryan, was the opinion of the Sixth Circuit as to the manner of administrative record review of ERISA benefit determinations.

Judge Gilman wrote:

1. As to the merits of the action, the district court should conduct . . . review based solely upon the administrative record, and render findings of fact and conclusions of law accordingly. The district court may consider the parties' arguments concerning the proper analysis of the evidentiary materials contained in the administrative record, but may not admit or consider any evidence not presented to the administrator.

2. The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.

3

> 3. For the reasons set forth above, the summary judgment procedures set forth in Rule 56 are inapposite to ERISA actions and thus should not be utilized in their disposition.

*Id.* at 619.

## **LEGAL ANALYSIS**

Of course, the exhaustion of administrative remedies in ERISA cases is required by judicial precedent in this Circuit. *Fallick v. Nationwide Mut. Ins. Co.,* 162 F.3d 410, 418 (6th Cir. 1998). The Sixth Circuit's case law, though, is much less direct in answering the question of whether one who has failed to timely administratively appeal a denial of benefits may continue to challenge the denial of benefits. One indication on this subject is the Sixth Circuit's decision in *Baxter v. C.A. Muer Corp.*, 941 F.2d 451 (1991), which dismissed with prejudice a claim for benefits wherein the administrative appeal was untimely. The *Baxter* decision, however, said little about the policies driving its decision, other than it had considered dismissing the appeal without prejudice, but rejected doing so because the record did not warrant it. (*Id.* at 454 & n.1.)

Although this Circuit's case law is less than perspicacious on this point, the great weight of other legal authorities require timely exhaustion of administrative remedies as a condition precedent to suit (in the absence of some equitable exception). *See Terry v. Bayer Corp.*, 145 F.3d 28, 40 (1st Cir. 1991);*Watts v. BellSouth Telecommunications, Inc.*, 316 F.3d 1203, 1206-07 (11th Cir. 2003); *Gallegos v. Mt. Sinai Med. Ctr.,* 210 F.3d 803, 809-10 (7th Cir. 2000); *Sanfilippo v. Provident Life & Cas. Ins. Co.,* 178 F. Supp. 2d 450, 458 (S.D.N.Y. 2002) (citing cases). In this case, Plaintiff's appeal came far too late.

While the Court agrees that in some circumstances an equitable extension to a contractual limitation period is appropriate, *see Gallegos, supra*, the instant case presents no such circumstance. The insurer was forgiving, even solicitous of Plaintiff, in seeking the physician information necessary to continue disability benefits. Plaintiff's delay in filing the appeal was extreme and was

not prompted by any misrepresentation or misconduct by Defendant. Accordingly, as in *Baxter*, this is a proper suit in which to dismiss the action with prejudice.

## **CONCLUSION**

Judgment shall enter consistent with this Opinion in favor of Defendant and against Plaintiff, whose claims will be dismissed with prejudice.

Dated in Kalamazoo, MI:                                   /s/Richard Alan Enslen
September 12, 2005                                        Richard Alan Enslen
                                                          Senior United States District Judge